# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| **LESLIE ANDERSON, #07836-025** | ) | |
| | ) | |
| **Petitioner/Defendant,** | ) | |
| | ) | **CIVIL NO. 10-cv-912-WDS** |
| **vs.** | ) | |
| | ) | **CRIMINAL NO. 04-cr-30111-WDS-003** |
| **UNITED STATES of AMERICA ,** | ) | |
| | ) | |
| **Respondent/Plaintiff.** | ) | |

## MEMORANDUM AND ORDER

**STIEHL, District Judge:**

This matter is before the Court on petitioner's pro se motion to vacate, set aside, or correct sentence, pursuant to 28 U.S.C. § 2255 (Doc. 1). On March 20, 2008, petitioner was convicted of Conspiracy to Defraud the U.S., Mail Fraud, and Wire Fraud in violation of 18 U.S.C. §§ 371 and 2326(1), 18 U.S.C. §§ 1343(2) and 2326(1), and 18 U.S.C. §§ 1341(2) and 2326(1). On July 29, 2008, petitioner was sentenced to 280 months imprisonment. Petitioner's conviction and sentence were affirmed on direct appeal. *See USA v. Anderson*, 580 F.3d 639 (7th Cir. 2009). Petitioner did not petition for a writ of certiorari to the Supreme Court of the United States.

In his § 2255 motion, petitioner raises 7 grounds for relief, all centered around claims for ineffective assistance of trial and appellate counsel:

Ground 1: Trial counsel failed to inform the Court that petitioner was disadvantaged by the decision in *United States v. Demaree*, 459 F.3d 791 (7th Cir. 2006), which required the Court to use current sentencing guidelines which contained enhancements, even though the criminal act was committed before the enhancements were added to the guidelines. Appellate counsel failed to raise this issue on appeal.

Ground 2: Trial counsel failed to object to the Court's consideration of erroneous numbers in the pre-sentencing report, which led the Court to consider an inaccurate "net proceeds" total. This resulted in a two level increase in the base offense level for sentencing. Appellate counsel failed to raise this issue on appeal.

Ground 3: Trial counsel failed to contest petitioner's responsibility for actual loss that accrued prior to petitioner's joining the conspiracy, as well as responsibility for losses that accrued outside the scope of the conspiracy. Appellate counsel failed to raise this issue on appeal.

Ground 4: Trial counsel failed to ask the sentencing Court to consider petitioner's placement in harsh conditions of confinement for over 27 months while being detained pending extradition. This consideration may have resulted in a lighter sentence. Appellate counsel failed to raise this issue on appeal.

Ground 5: Although included in the written sentencing memorandum, trial counsel failed to request a downward variance in sentencing based on petitioner's status as a deportable alien during oral arguments. Appellate counsel failed to raise this issue on appeal.

Ground 6: Trial counsel failed to argue that the record was insufficient to show that petitioner knew or should have known that unusually vulnerable victims were being targeted. This resulted in the application of a vulnerable victim enhancement. Appellate counsel failed to raise this issue on appeal.

Ground 7: Trial counsel failed to alert the sentencing Court that the advisory guideline was 98 months greater than it would have been in any other circuit. Appellate counsel failed to raise this issue on appeal.

The Court **ORDERS** the Government to file a response to petitioner's motion within

**THIRTY (30) DAYS** of the date of this Order (on or before May 2, 2011).  The Government shall,

as part of its response, attach all relevant portions of the record.


**IT IS SO ORDERED**

**DATE:   April 1, 2011**

> **/s/  WILLIAM D. STIEHL**
> **DISTRICT JUDGE**